**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

**STANDING ORDER FOR CIVIL
<u>ACTIONS ASSIGNED TO JUDGE ROY S. PAYNE</u>**

Pursuant to 28 U.S.C. §636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, it is ORDERED:

**CASES REFERRED**

1. Forty percent (40%) of selected civil actions filed in the Marshall Division of the Eastern District of Texas after the effective date of this order and assigned to United States District Judge Rodney Gilstrap ("Judge Gilstrap") are referred to United States Magistrate Judge Roy S. Payne ("Judge Payne").

**PRETRIAL PROCEEDINGS**

2. Judge Payne shall handle all pretrial proceedings in cases referred under paragraph 1. This shall include:

   a. hear and determine all matters within the magistrate judge's dispositive jurisdiction;

   b. proceed in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) concerning matters excepted from magistrate judge's dispositive jurisdiction under 28 U.S.C. § 636(b)(1)(A); and

   c. after approval of the final pretrial order, the magistrate judge shall issue a report to the district judge indicating that the case is ready for trial and that all the parties have not consented to his jurisdiction.

Upon receipt of this report, the referral under paragraph 1 shall be withdrawn, and the case shall be returned to Judge Gilstrap for all further proceedings and entry of judgment.

**CONSENT**

3. Upon receipt of signed consent forms by all parties, the case shall be reassigned to Judge Payne, who shall conduct all proceedings, including jury and non-jury trials, and order the entry of judgment.

**REFERRAL PROCEDURE**

4. Cases referred to Judge Payne under this order shall be selected randomly.

5. The clerk shall administer the random referrals and case assignments to Judge Payne according to procedure devised by the clerk and approved in advance by the undersigned.

6. Every case referral shall be free from actual or potential influence or manipulation by any litigant, counsel, member of the public, or unauthorized member of the court staff. The clerk shall secure case assignment records and paraphernalia utilized in making random referrals and assignments to ensure the unauthorized members of the court's staff, attorneys, litigants, and members of the public may not ascertain the name of the judicial officer(s) previously selected from the random case referral and assignment arrays; the name of the next judicial officer in the arrays; or the name(s) of any remaining judicial officer(s) in the arrays.

7. In the event of recusal or other disqualification of the magistrate judge in a case referred and assigned under this order, the case shall return automatically to the docket of Judge Gilstrap, subject to further orders of this court.

8. Case referrals pursuant to paragraph 1, case reassignments under paragraph 3, and withdrawals of referrals under paragraphs 2 and 7 shall be effected automatically under this order. Absent special circumstances, case-specific orders of reference, reassignment, and withdrawal shall not be entered.

9. This order does not affect General Orders 05-4, 05-5, 05-6, 05-7, and 05-8 or other

established procedures for reference to magistrate judge of special category cases (*e.g.,* preliminary motions to proceed *in forma pauperis* and for appointment of counsel in Title VII cases, prisoner cases, matters on the miscellaneous docket, *etc.*).

10. Nothing herein shall preclude reference of additional matters to the magistrate judge or the withdrawal of references in cases subject to this order whenever appropriate.

This order is effective immediately, in accordance with the undersigned's directive to the clerk.

**So ORDERED and SIGNED this 3rd day of February, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE